IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL CASE NO. 1:11cr55

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| NATHAN JEROME HOWIE. ) | |
| ) | |

**THIS MATTER** is before the Court on the Government's Motion to Dismiss [Doc. 3].

On August 2, 2011, the Defendant was charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §922(g)(1). [Doc. 1]. An arrest warrant issued on August 3, 2011. [Doc. 2]. On August 15, 2011, prior to the Defendant's arrest, the Government moved to dismiss the bill of indictment. [Doc. 3]. No reason for the request has been provided; however, the Government is not obligated to do so. United States v. Smith, 55 F.3d 157, 159 (4th Cir. 1995). "In reality, therefore, 'the trial court has little discretion in considering a government motion to dismiss made pursuant to [Rule 48].'" Rice v. Rivera, 617 F.3d 802, 811 (4th Cir. 2010) (quoting United

States v. Perate, 719 F.2d 706, 710 (4th Cir. 1983)). Indeed, a district court "must grant a prosecution's [Rule 48] motion unless clearly contrary to manifest public interest." United States v. Kellam, 568 F.3d 125, 133 (4th Cir. 2009), certiorari denied 130 S.Ct. 657, 175 L.Ed.2d 501 (2009).

On the record before the Court, it cannot be said that the dismissal of this indictment prior to the arrest of the Defendant is contrary to manifest public interest. As a result, the motion will be granted. The warrant for the Defendant's arrest, however, is hereby stricken.

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss [Doc. 3] is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the warrant for the Defendant's arrest [Doc. 2] is hereby **STRICKEN**.

Signed: August 24, 2011

Martin Reidinger
United States District Judge